

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2007

# USA v. Soto

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4660

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Soto" (2007). *2007 Decisions*. Paper 1230.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1230

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-4660

————————

UNITED STATES OF AMERICA

v.

RAYMOND SOTO,

Appellant

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. 03-cr-00027-1)
District Judge: Hon. Dennis M. Cavanaugh

————————

Submitted under Third Circuit LAR 34.1(a)
on July 11, 2006

Before: SMITH, ALDISERT and ROTH, <u>Circuit Judges</u>

(Opinion filed  April 24, 2007)

————————

OPINION

————————

**ROTH**, <u>Circuit Judge</u>:

Raymond Soto appeals his sentence of 60 months imprisonment imposed by the

District Court.  We have jurisdiction to review his sentence pursuant to 18 U.S.C. § 3742(a)

and 28 U.S.C. § 1291. *See United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). For the reasons set forth below, we will affirm.

On January 15, 2003, Soto was charged in a one-count Federal indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On June 28, 2005, Soto pled guilty to the indictment in the United States District Court for the District of New Jersey. Prior to sentencing, the parties agreed that Soto's offense produced an advisory guidelines range of 57 to 71 months incarceration, based on a total offense level of 19 and a criminal history category of V. Soto, however, requested a sentence below the guidelines range in light of, among other things, his difficult childhood, lack of education, pursuit of employment, need for medical treatment, and the hardship endured by his family. On October 4, 2005, Soto was sentenced by the District Court to 60 months imprisonment, a sentence within the applicable guidelines range.

Soto timely appealed his sentence. On appeal, Soto challenges the District Court's treatment of the Federal Sentencing Guidelines, as well as the reasonableness of his sentence.

First, Soto claims that the District Court violated *United States v. Booker*, 543 U.S. 220 (2005) by reading the guidelines as mandatory instead of giving them the appropriate advisory weight. Specifically, Soto points to the District Court's statements that it "should only be deviating from those guidelines for extraordinary circumstances" and that it is "duty bound by these guidelines and the law." We conclude, however, that the District Court gave appropriate weight to the guidelines. During Soto's plea hearing, the court advised Soto that

2

the guidelines are no longer "mandatory upon this court." Likewise, during the sentencing hearing, the court expressly stated that "while the sentencing guidelines are advisory, they are still something that I must take into consideration" when determining Soto's sentence. We conclude that the District Court treated the guidelines as advisory in nature and determined Soto's sentence based on the applicable guidelines range and consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

Next, Soto claims that his sentence was unreasonable because the District Court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a). We review a sentence imposed by the District Court for reasonableness. *Cooper*, 437 F.3d at 328. To determine whether the District Court acted reasonably in imposing a sentence, we must first be satisfied that the court properly considered the sentencing factors set forth in 18 U.S.C. § 3553(a). While the court is not required to discuss each factor listed in section 3553(a), the record must reflect that it, nonetheless, gave them meaningful consideration. *Id.* at 329.

In addition to ensuring that the District Court engaged in meaningful consideration of the section 3553(a) factors, we must also review "whether those factors were reasonably applied to the circumstances of the case." *Id.* at 330. However, because the District Court is in the best position to determine the appropriate sentence for a particular defendant, we apply a deferential standard to such review. *Id.* In addition to the discretion granted to the District Court, the burden lies with the Appellant to prove the unreasonableness of his sentence on appeal. *Id.* at 332.

3

In this instance, there is sufficient evidence in the record to indicate that the District Court considered the factors set forth in section 3553(a) in imposing its sentence. Furthermore, we are satisfied that the District Court reasonably applied the section 3553(a) factors to the circumstances of Soto's case. While Soto maintains that the court gave undue weight to the guidelines, we find that the court properly considered the guidelines as well as the remaining sentencing factors listed in section 3553(a). Indeed, the advisory guidelines range plays "an integral part in sentencing decisions" and provides "a natural starting point for the determination of the appropriate level of punishment for criminal conduct." *Id.* at 331. In addition to considering the applicable guidelines range, the District Court considered the nature and circumstances of Soto's offense, including the fact that the firearm for which Soto was charged with possessing was found loaded when seized by police. Furthermore, the court considered Soto's history and characteristics, including his lengthy criminal past, his difficult childhood, and the hardship endured by his family. After taking into consideration the presentence investigation report, the documents received from both parties, the letters received from members of Soto's family, and the evidence presented during the sentencing hearing, the court found that a sentence within the appropriate guidelines range of 57 to 71 months was warranted and sentenced Soto to 60 months incarceration.

We defer to the District Court's application of section 3553(a) in determining the appropriate sentence for Soto and conclude that Soto failed to meet his burden of proving

4

that the sentence imposed was unreasonable.  Thus, we will affirm the judgment of sentence of the District Court.